ELIZABETH V. MCNULTY (SBN 192455)
Email: emcnulty@efsmmlaw.com
SAMANTHA M. GERAGHTY (SBN 345646)
Email: sgeraghty@efsmmlaw.com
EVANS FEARS SCHUTTERT MCNULTY MICKUS
1 Park Plaza, Suite 500
Irvine, CA 92614
Telephone: (949) 301-9464
Facsimile: (949) 966-0706

Attorneys for Defendant
LUX GLOBAL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA CANTU,<br><br>     Plaintiff,<br><br>  v.<br><br>LUX GLOBAL INC., a California corporation d/b/a TOPLUX NUTRITION,<br><br>     Defendants. | Case No. _____<br><br>**DEFENDANT LUX GLOBAL INC.'S NOTICE OF REMOVAL** |

NOTICE OF REMOVAL

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, Ca 92614

# NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Lux Global Inc. ("Lux"), by its attorneys, Evans Fears Schuttert McNulty Mickus, hereby removes to this Court, pursuant to 28 U.S.C. § 1331 based on federal question jurisdiction, the claims pending as Case No. 23STCV09635 in the Superior Court of California, County of Los Angeles.

In support of this removal, Defendant states as follows:

## THE REMOVED CASE

1.      The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff TANYA CANTU against Lux, entitled TANYA CANTU, et al. v. LUX GLOBAL INC., Case No. 23STCV09635 (the "State Action"). The only named Defendant is Lux Global Inc. ("Lux").

2.      Plaintiffs filed the Class Action Complaint in a State Action on April 28, 2023, asserting violation of the Consumer Legal Remedies Act against Lux. Plaintiffs filed a First Amended Complaint on August 23. 2023 asserting violations of the Consumer Legal Remedies Act and the Video Privacy Protection Act, 18 U.S.C. § 2710 against Lux.

## PROCEDURAL REQUIREMENTS

3.      Lux has thirty (30) days from the date of service of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). Lux was served with a copy of the First Amended Complaint on August 23, 2023. This Notice of Removal is therefore timely filed.

4.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Lux's possession are contained in **Exhibit 1** to the Declaration of Elizabeth V. McNulty filed herewith.

5.      Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District

1  of California because this district embraces the place in which the removed action
2  has been pending.

3      6.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice
4  of Removal will be filed with the Superior Court of California, County of Los
5  Angeles promptly after filing of same in this Court.

6      7.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice
7  of Removal will be given to all adverse parties promptly after the filing of same in
8  this Court.

9      8.    Consistent with Congress' intent that parties may amend allegations of
10 jurisdiction if they are questioned, see 28 U.S.C. § 1653, this Court should not *sua*
11 *sponte* remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir.
12 1987) ("This court has noted that sua sponte dismissals without prior notice or
13 opportunity to be heard are 'hazardous' …. A dismissal under Rule 12(b)(1) without
14 notice or a hearing is similarly suspect."). Thus, if any question arises as to the
15 propriety of this removal, Lux requests the opportunity to amend its notice of removal
16 following any necessary discovery, briefing, and oral argument.

17     9.    Nothing in this Notice of Removal shall be interpreted as a waiver or
18 relinquishment of Lux's right to assert defenses including, without limitation, the
19 defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non
20 conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v)
21 improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to
22 join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any
23 other procedural or substantive defense available under state or federal law.

## **PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF VIDEO PRIVACY PROTECTION ACT, 18 U.S.C. § 2710 CREATES FEDERAL QUESTION JURISDICTION**

27     10.    The district courts shall have original jurisdiction of all civil actions
28 arising under the Constitution, laws, or treaties of the United States. 28 U.S.C.A §

Evans Fears Schuttert McNulty Mickus
1 Park Plaza, Suite 500
Irvine, Ca 92614

1331. A United States district court may exercise federal question jurisdiction when a cause of action is brought that arises under federal law. When federal law applies to a case, "it follows that the question arises under federal law, and federal question jurisdiction exists." *New SD, Inc. v. Rockwell Intern. Corp.*, C.A.9 (Cal.) 1996, 79 F.3d 953, 955. Plaintiff's Cause of Action for Violation of Video Privacy Protection Act, 18 U.S.C. § 2710 is a cause of action arising under federal law. The Video Privacy Protection Act is a federal law that disallows video service providers from disclosing personally identifiable information about consumers to any person. U.S.C. § 2710(b)(1). As Plaintiff's cause of action arises out of Defendant's purported violation of the Video Privacy Protection Act (a federal law), it follows that Plaintiff's Complaint arises under federal law and federal question jurisdiction exists. As such, the requirement that Plaintiff's cause of action arise out of a violation of federal law is met.

## CONCLUSION

Consequently, the State Action may be removed to this Court by Lux in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California and (ii) Plaintiff's cause of action for violation of the Video Privacy Protection Act creates federal question jurisdiction.

Dated: August 30, 2023         EVANS FEARS SCHUTTERT
                               MCNULTY MICKUS


                               By:  */s/ Elizabeth V. McNulty*
                                    Elizabeth V. McNulty
                                    Samantha M. Geraghty
                                    Attorneys for Defendant
                                    LUX GLOBAL INC.

NOTICE OF REMOVAL

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1 Park Plaza, Suite 500, Irvine, California, 92614.

On August 30, 2023, I served, in the manner indicated below, the foregoing document described as:

**DEFENDANT LUX GLOBAL INC.'S NOTICE OF REMOVAL**

on the interested parties in this action as follows:

☒ **BY ELECTRONIC TRANSMISSION:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 30, 2023, I checked the CM/ECF docket for this proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below.

| | |
|---|---|
| PACIFIC TRIAL ATTORNEYS<br>A Professional Corporation<br>Scott J. Ferrell, Bar No. 202091<br>sferrell@pacifictrialattorneys.com<br>Victoria C. Knowles, Bar No. 277231<br>vknowles@pacifictrialattorneys.com<br>4100 Newport Place Drive, Ste. 800 Newport Beach, CA 92660<br>**Tel:** (949) 706-6464<br>Fax: (949) 706-6469 | Attorneys for Plaintiff<br>**TANYA CANTU** |

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 30, 2023 at Irvine, California.

*Aubrie Hewatt*
Aubrie Hewatt