# EXHIBIT 1

1   Elizabeth V. McNulty (SBN 192455)
    emcnulty@efstriallaw.com
2   Samantha M. Geraghty (SBN 345646)
    sgeraghty@efstriallaw.com
3   EVANS FEARS SCHUTTERT MCNULTY MICKUS
    4440 Von Karman Avenue, Suite 250
4   Newport Beach, California 92660
    Telephone: (949) 301-9464
5   Facsimile: (949) 966-0706

6

7   Attorneys for Defendant
    LUX GLOBAL INC.

8

9                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **FOR THE COUNTY OF LOS ANGELES**

11

12  TANYA CANTU, an individual,              CASE NO: 23STCV09635

13              Plaintiff,                    Judge Elihu M. Berle
                                             Dept. 6
14        vs.
                                             **NOTICE OF APPEARANCE**
15  LUX GLOBCAL INC, a California
    corporation d/b/a TOPLUX                  Jury Trial Demanded
16  NUTRITION,                                Complaint Filed: 04/28/2023

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that in accordance with the Complex Litigation Guidelines attorney Elizabeth V. McNulty of Evans Fears Schuttert McNulty Mickus hereby enters an appearance on behalf of defendant, LUX GLOBAL INC., in the above-referenced case.  All future pleadings, discovery and notices should be addressed to Elizabeth V. McNulty at Evans Fears Schuttert McNulty Mickus, 4440 Von Karman Ave., Suite 250, Newport Beach, CA 92660.

Dated: July 21, 2023          EVANS FEARS SCHUTTERT MCNULTY MICKUS

Elizabeth V. McNulty
Samantha M. Geraghty
Attorneys for Defendant
LUX GLOBAL INC.

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

- 2 -

**NOTICE OF APPEARANCE**

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4440 Von Karman Avenue, Suite 250, Newport Beach, California 92660.

On July 21, 2023, I served, in the manner indicated below, the foregoing document described as:

## NOTICE OF APPEARANCE

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes as applicable, addressed as follows:

### *SEE ATTACHED SERVICE LIST*

☐ **BY MAIL:**  I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ **BY FACSIMILE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission on said date and the transmission was reported as complete and without error (C.C.P. § 1013(e)(f)).

☐ **BY FEDERAL EXPRESS:**  I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ **BY PERSONAL SERVICE:**  I caused such envelopes to be delivered by hand to the offices of the addressee(s). (C.C.P. § 1011(a)(b)).

☒ **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressees, at the e-mail addresses indicated on the attached service list, without error.

☒ (**STATE**)  I declare under penalty of perjury that the foregoing is true and correct.

☐ (**FEDERAL**)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 21, 2023 at Newport Beach, California.

_Aubrie Hewatt_
Aubrie Hewatt

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1

### SERVICE LIST

2

***Tanya Cantu v. Lux Global Inc dba Toplux Nutrition***
**Superior Court of California, County of Los Angeles, Case No. 23STCV09635**

3

4

**PACIFIC TRIAL ATTORNEYS**                    **Counsel for Plaintiff**
Scott J. Ferrell, Esq.                                      TANYA CANTU

5

Victoria C. Knowles, Esq.

6

4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660

7

Tel: (949) 706-6464

8

Fax: (949) 706-6469

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

- 4 -

**NOTICE OF APPEARANCE**

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
   Attorneys for Plaintiff
7
   EVANS FEARS SCHUTTERT MCNULTY MICKUS
8  Elizabeth V. McNulty (SBN 192455)
   emcnulty@efstriallaw.com
9  Samantha M. Geraghty (SBN 345646)
   sgeraghty@efstriallaw.com
10 4440 Von Karman Avenue, Suite 250
   Newport Beach, California 92660
11 Telephone: (949) 301-9463
   Facsimile: (949) 966-0706
12
   Attorneys for Defendant
13

14

15              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                **FOR THE COUNTY OF LOS ANGELES**

17

18 TANYA CANTU, individually and on behalf of       Case No.:  23STCV09635
   all other similarly situated,                     The Honorable Elihu M. Berle
19                                                    Dept.: SS6
                        Plaintiff,
20                                                    **JOINT INITIAL STATUS CONFERENCE**
                   vs.                                **STATEMENT**
21
   LUX GLOBAL INC., a California corporation          Date:   July 28, 2023
22 d/b/a TOPLUX NUTRITION,                            Time:  8:30 a.m.
                                                      Dept.   SS6
23                      Defendants.
                                                      Action Filed:   April 28, 2023
24                                                    Trial Date:     None set

25

26

27

28

Pursuant to the Initial Status Conference Order issued May 25, 2023, Plaintiff Tanya Cantu ("Plaintiff") and Defendant Lux Global Inc. ("Defendant") (collectively "the Parties") submit this Joint Initial Status Conference Statement.

**1.      PARTIES AND COUNSEL:**

Attorneys for Plaintiff, Tanya Cantu:

Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Defendant, Lux Global Inc.:

Elizabeth V. McNulty, Bar No. 192455
emcnulty@efsmmlaw.com
Samantha Geraghty, Bar No. 345646
sgeraghty@efsmmlaw.com
Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660
Telephone:    (949) 339-5026
Facsimile:    (949) 966-0706

**2.      ELECTRONIC SERVICE OF PAPERS:**

The Parties agree to use the Case Anywhere service (www.caseanywhere.com).

**3.      CLAIMS AND DEFENSES:**

Plaintiff:  Plaintiff alleges that Defendant sells a diet product known as "Ketosis Drops" (the "Product") that it claims will support weight loss.  Plaintiff alleges that the Product does not support weight loss and sets forth a cause of action for violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, which prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

Defendant:  Defendant denies Plaintiff's allegations and contends that the "Ketosis Drops" (the

"Product") provides the benefits claimed and is properly labeled and that the claims are well supported and are not false or misleading. When utilized in conjunction with a Keto based diet plan, the main active natural ingredients have been shown to provide the benefits claimed.  Moreover, explicit limitations on the claims are clearly asserted on the label as well as in marketing materials,  "[t]his statement has not been evaluated by the FDA. This product is not intended to diagnose, treat, cure, or prevent any disease." Defendant denies that it is liable to Plaintiff  or that it is liable for any damages.

**4.    POTENTIAL ADDITIONAL PARTIES:**

Plaintiff does not currently anticipate the addition of any other parties or class representatives.

Defendant does not currently anticipate the addition of any other parties.

**5.    IMPROPERLY NAMED DEFENDANTS:**

Defendant's proper name is Lux Global, Inc.

**6.    ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**

Plaintiff asserts that she would be an adequate class representative.

Defendant states that it does not have sufficient information at this time to assess the adequacy of Plaintiff as the class representative and reserves its right to challenge the adequacy of Plaintiff as the class representative.

**7.    ESTIMATED CLASS SIZE:**

Plaintiff does not know the number of Class members but believes the number to be in the thousands, if not more. The exact identities of Class members may be ascertained by the records maintained by Defendant.  The Parties propose to take discovery as to class issues.

Defendant does not have sufficient information to assess whether any class members exist based upon the allegations currently asserted.   Defendant contends that this is not a proper class action.

/ / /

/ / /

**8.   OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

The Parties are not aware of other actions currently pending with overlapping class definitions.

**9.   ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:**

The Parties presently are unaware of any arbitration agreements or class action waiver clauses applicable to this action.

**10.   POTENTIAL EARLY CRUCIAL MOTIONS:**

Plaintiff intends to file a Motion for Class Certification at the earliest reasonable date.

Defendant intends to file a demurrer to Plaintiff's Complaint and will oppose the proposed Motion for Class Certification.

**11.   PROTECTIVE ORDERS:**

The Parties will collaborate on any necessary protective order(s) and/or confidentiality agreements to protect their sensitive information and materials.  They will utilize the Court's model protective orders as appropriate.

**12,   DISCOVERY:**

Once the matter is at issue, the Parties intend, first, to undertake limited discovery related to Plaintiff's anticipated Motion for Class Certification, including such fact and merit-related discovery as may be appropriate.  Plaintiff will then file the Motion for Class Certification.  Following those proceedings and to the extent necessary, the Parties will proceed with merit based written, deposition, and expert discovery as expeditiously as possible.

**13.   INSURANCE COVERAGE:**

There is no insurance coverage applicable to the claims in this case.

**14.    ALTERNATIVE DISPUTE RESOLUTION:**

The Parties do not believe that alternative dispute resolution is needed at this time but will alert the Court if that position changes.

**15.    TIMELINE FOR CASE MANAGEMENT:**

Next Status Conference:  February 5, 2024

Schedule for ADR:  Mediation in February 2024 (if needed).

Filing Deadline for Motion for Class Certification:  November 30, 2023.

Filing Deadlines for Other Motions:

Demurrer to Complaint:  August 22, 2023

Motions for Summary Judgment/Adjudication: March 18. 2024

Dated:  July 21, 2023                    PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

Dated:  July 21, 2023                    EVANS FEARS SCHUTTERT MCNULTY MICKUS

By: /s/ Samantha Geraghty
Elizabeth V. McNulty
Samantha Geraghty
Attorneys for Defendant
Lux Global Inc.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

    On July 21, 2023, I served the foregoing document described as **JOINT INITIAL STATUS CONFERENCE STATEMENT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐    (BY MAIL)   I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐    (BY OVERNIGHT FEDERAL EXPRESS)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐    (BY HAND DELIVERY)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier.  I caused such document to be delivered by hand to the addressee(s) designated.

☐    (BY ELECTRONIC SERVICE)  My electronic service address is _____@pacifictrialattorneys.com.   I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list.

☒    (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list.  I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 21, 2023, at Newport Beach, California.

_____
Chantel Kirshner

**SERVICE LIST**

| | |
|---|---|
| 1 | Elizabeth V. McNulty (SBN 192455) |
| | emcnulty@efstriallaw.com |
| 2 | Samantha M. Geraghty (SBN 345646) |
| | sgeraghty@efstriallaw.com |
| 3 | EVANS FEARS SCHUTTERT MCNULTY |
| | MICKUS |
| 4 | 4440 Von Karman Avenue, Suite 250 |
| | Newport Beach, California 92660 |
| 5 | Telephone: (949) 301-9464 |
| | Facsimile: (949) 966-0706 |

Attorneys For Defendant
LUX GLOBAL INC.

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
   Attorneys for Plaintiff
7
   EVANS FEARS SCHUTTERT MCNULTY MICKUS
8  Elizabeth V. McNulty (SBN 192455)
   emcnulty@efstriallaw.com
9  Samantha M. Geraghty (SBN 345646)
   sgeraghty@efstriallaw.com
10 4440 Von Karman Avenue, Suite 250
   Newport Beach, California 92660
11 Telephone: (949) 301-9463
   Facsimile: (949) 966-0706
12
   Attorneys for Defendant
13

14

15            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16               **FOR THE COUNTY OF LOS ANGELES**

17

18  TANYA CANTU, individually and on behalf of        Case No.:  23STCV09635
    all other similarly situated,                     The Honorable Elihu M. Berle
19                                                     Dept.: SS6
                 Plaintiff,
20                                                     **STIPULATION AND [PROPOSED] ORDER**
         vs.                                           **RE USE OF CASE ANYWHERE SERVICE**
21                                                     **FOR ELECTRONIC SERVICE OF PAPERS**
    LUX GLOBAL INC., a California corporation
22  d/b/a TOPLUX NUTRITION,
                                                       Action Filed:  April 28, 2023
23               Defendants.                           Trial Date:    None set

24

25

26

27

28

Plaintiff Tanya Cantu ("Plaintiff") and Defendant Lux Global Inc. ("Defendant") (collectively "the Parties"), through their counsel of record, agree and stipulate to use the Case Anywhere service (www.caseanywhere.com) for service of papers and notices in this action.

Dated: July 31, 2023                          PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

Dated: July 31, 2023                          EVANS FEARS SCHUTTERT MCNULTY MICKUS

By: /s/ Samantha Geraghty
Elizabeth V. McNulty
Samantha Geraghty
Attorneys for Defendant
Lux Global Inc.

## **ORDER**

Good cause appearing therefor, IT IS SO ORDERED.

Dated: _____

_____
Hon. Elihu M. Berle
Judge of the Superior Court

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

On July 31, 2023, I served the foregoing document described as **STIPULATION AND [PROPOSED] ORDER RE USE OF CASE ANYWHERE SERVICE FOR ELECTRONIC SERVICE OF PAPERS** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY OVERNIGHT FEDERAL EXPRESS) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document to be delivered by hand to the addressee(s) designated.

☐ (BY ELECTRONIC SERVICE) My electronic service address is _____@pacifictrialattorneys.com. I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list.

☒ (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 31, 2023, at Newport Beach, California.

Chantel Kirshner

**SERVICE LIST**

EVANS FEARS SCHUTTERT MCNULTY MICKUS
Elizabeth V. McNulty (SBN 192455)
emcnulty@efstriallaw.com
Samantha M. Geraghty (SBN 345646)
sgeraghty@efstriallaw.com
4440 Von Karman Avenue, Suite 250
Newport Beach, California 92660
Telephone: (949) 301-9463
Facsimile: (949) 966-0706

Attorneys for Defendant
LUX GLOBAL INC.

PROOF OF SERVICE

Electronically Received 08/08/2023 02:10 PM
Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1  Elizabeth V. McNulty (SBN 192455)
   emcnulty@efstriallaw.com
2  Samantha M. Geraghty (SBN 345646)
   sgeraghty@efstriallaw.com
3  EVANS FEARS SCHUTTERT MCNULTY MICKUS
   4440 Von Karman Avenue, Suite 250
4  Newport Beach, California 92660
   Telephone: (949) 301-9464
5  Facsimile: (949) 966-0706
   Service: efshondaconsumer@efstriallaw.com
6
7  Attorneys for Defendant
   LUX GLOBAL INC.
8

**FILED**
Superior Court of California
County of Los Angeles

08/09/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ P. Herrera _____ Deputy

9
10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                        **COUNTY OF LOS ANGELES**

12

13  TANYA CANTU, an individual,              CASE NO: 23STCV09635

14              Plaintiff,                   Judge Elihu M. Berle
                                             Dept. 6
15         vs.
                                             **STIPULATED PROTECTIVE ORDER**
16  LUX GLOBAL INC, a California
    corporation d/b/a TOPLUX                 Jury Trial Demanded
17  NUTRITION,                               Complaint Filed: 04/28/2023

18              Defendants.

19
20
21
22
23
24
25
26
27
28

1    IT IS HEREBY STIPULATED by and between the Parties Tanya Cantu ("Plaintiff") and

2    Lux Global, Inc. ("Defendant"), by and through their respective counsel of record, that in order to

3    facilitate the exchange of information and documents which may be subject to confidentiality

4    limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as

5    follows:

6    1.    In this Stipulation and Protective Order, the words set forth below shall have the following

7    meanings:

8        a.    "Proceeding" means the above-entitled proceeding Case #23STCV09635 in Los

9    Angeles County Superior Court.

10        b.    "Court" means the Hon. Elihu M. Berle or any other judge to which this

11    Proceeding may be assigned, including Court staff participating in such proceedings.

12        c.    "Confidential" means any information which is in the possession of a Designating

13    Party who believes in good faith that such information is entitled to confidential treatment under

14    applicable law.

15        d.    "Confidential Materials" means any Documents, Testimony, or Information as

16    defined below designated as "Confidential" pursuant to the provisions of this Stipulation and

17    Protective Order.

18        e.    "Designating Party" means the Party that designates Materials as "Confidential."

19        f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make

20    available Materials, or any part thereof, or any information contained therein.

21        g.    "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms

22    are defined by California Evidence Code Sections 250, 255, and 260, which have been produced

23    in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of

24    all or any part of the foregoing.

25        h.    "Information" means the content of Documents or Testimony.

26        i.    "Testimony" means all depositions, declarations or other testimony taken or used

27    in this Proceeding.

28

- 2 -

STIPULATED PROTECTIVE ORDER

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

2.    The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.    Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The Parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

   a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

   b.    For Testimony given in depositions the Designating Party may either:

      i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

      ii.    designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

   c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1    affix in a prominent place on the exterior of the container or containers in which the Information

2    or item is stored the legend "Confidential." If only portions of the Information or item warrant

3    protection, the Designating Party, to the extent practicable, shall identify the "Confidential"

4    portions.

5        5.     The inadvertent production by any of the undersigned Parties or non-Parties to the

6    Proceedings of any Document, Testimony or Information during discovery in this Proceeding

7    without a "Confidential" designation, shall be without prejudice to any claim that such item is

8    "Confidential" and such Party shall not be held to have waived any rights by such inadvertent

9    production. In the event that any Document, Testimony or Information that is subject to a

10   "Confidential" designation is inadvertently produced without such designation, the Party that

11   inadvertently produced the document shall give written notice of such inadvertent production

12   within twenty (20) days of discovery of the inadvertent production, together with a further copy

13   of the subject Document, Testimony or Information designated as "Confidential" (the

14   "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party

15   that received the inadvertently produced Document, Testimony or Information shall promptly

16   destroy the inadvertently produced Document, Testimony or Information and all copies thereof,

17   or, at the expense of the producing Party, return such together with all copies of such Document,

18   Testimony or Information to counsel for the producing Party and shall retain only the

19   "Confidential" designated Materials. Should the receiving Party choose to destroy such

20   inadvertently produced Document, Testimony or Information, the receiving Party shall notify the

21   producing Party in writing of such destruction within ten (10) days of receipt of written notice of

22   the inadvertent production. This provision is not intended to apply to any inadvertent production

23   of any Information protected by attorney-client or work product privileges. In the event that this

24   provision conflicts with any applicable law regarding waiver of confidentiality through the

25   inadvertent production of Documents, Testimony or Information, such law shall govern.

26       6.     In the event that counsel for a Party receiving Documents, Testimony or Information in

27   discovery designated as "Confidential" objects to such designation with respect to any or all of

28   such items, said counsel shall advise counsel for the Designating Party, in writing, of such

-4-

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1    objections, the specific Documents, Testimony or Information to which each objection pertains,

2    and the specific reasons and support for such objections (the "Designation Objections"). Counsel

3    for the Designating Party shall have thirty (30) days from receipt of the written Designation

4    Objections to either (a) agree in writing to de-designate Documents, Testimony or Information

5    pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court

6    seeking to uphold any or all designations on Documents, Testimony or Information addressed by

7    the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation

8    Motion by the Court, any and all existing designations on the Documents, Testimony or

9    Information at issue in such Motion shall remain in place. The Designating Party shall have the

10    burden on any Designation Motion of establishing the applicability of its "Confidential"

11    designation. In the event that the Designation Objections are neither timely agreed to nor timely

12    addressed in the Designation Motion, then such Documents, Testimony or Information shall be

13    de-designated in accordance with the Designation Objection applicable to such material.

14    7.      Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall

15    be permitted only to the following persons:

16       a.      the Court;

17       b.      (1)      Attorneys of record in the Proceedings and their affiliated attorneys, and

18    paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in

19    the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned

20    Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided,

21    however, that each non-lawyer given access to Confidential Materials shall be advised that such

22    Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and

23    Protective Order and that they may not be Disclosed other than pursuant to its terms;

24       c.      those officers, directors, partners, members, employees and agents of all non-

25    designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution

26    and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential

27    Materials to any such officer, director, partner, member, employee or agent, counsel for the Party

28    making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such

1    person, shall explain that such person is bound to follow the terms of such Order, and shall secure

2    the signature of such person on a statement in the form attached hereto as Exhibit A;

3        d.     court reporters in this Proceeding (whether at depositions, hearings, or any other

4    proceeding);

5        e.     any deposition, trial or hearing witness in the Proceeding who previously has had

6    access to the Confidential Materials, or who is currently or was previously an officer, director,

7    partner, member, employee or agent of an entity that has had access to the Confidential Materials;

8        f.     any deposition or non-trial hearing witness in the Proceeding who previously did

9    not have access to the Confidential Materials; provided, however, that each such witness given

10    access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant

11    to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be

12    Disclosed other than pursuant to its terms;

13        g.     mock jury participants, provided, however, that prior to the Disclosure of

14    Confidential Materials to any such mock jury participant, counsel for the Party making the

15    Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall

16    explain that such person is bound to follow the terms of such Order, and shall secure the signature

17    of such person on a statement in the form attached hereto as Exhibit A.

18        g.     outside experts or non-attorney consultants consulted by the undersigned Parties or

19    their counsel in connection with the Proceeding, whether or not retained to testify at any oral

20    hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such

21    expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of

22    this Stipulation and Protective Order to such person, shall explain its terms to such person, and

23    shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

24    It shall be the obligation of counsel, upon learning of any breach or threatened breach of this

25    Stipulation and Protective Order by any such expert or expert consultant, to promptly notify

26    counsel for the Designating Party of such breach or threatened breach; and

27        h.     any other person that the Designating Party agrees to in writing.

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

**STIPULATED PROTECTIVE ORDER**

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1   8.      Confidential Materials shall be used by the persons receiving them only for the purposes
2   of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending
3   the Proceeding, and not for any business or other purpose whatsoever.

4           a.      While the Parties may provide Confidential Materials in accordance with the
5   provisions of this Protective Order in an electronic form, such documents may not be posted on
6   any website or internet accessible document repository that is accessible to anyone other than the
7   persons noted in paragraph 7 above.

8           b.      All persons described in Paragraph 7 above shall not under any circumstance sell,
9   offer for sale, advertise or publicize either the Confidential Materials or the information contained
10  therein or the fact that such persons have obtained the Confidential Materials.

11  9.      Any Party to the Proceeding (or other person subject to the terms of this Stipulation and
12  Protective Order) may ask the Court, after appropriate notice to the other Parties to the
13  Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

14  10.     Entering into, agreeing to, and/or complying with the terms of this Stipulation and
15  Protective Order shall not:

16          a.      operate as an admission by any person that any particular Document, Testimony or
17  Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or
18  competitively sensitive business, commercial, financial or personal information; or

19          b.      prejudice in any way the right of any Party (or any other person subject to the
20  terms of this Stipulation and Protective Order):

21                  i.      to seek a determination by the Court of whether any particular Confidential
22          Material should be subject to protection as "Confidential" under the terms of this
23          Stipulation and Protective Order; or

24                  ii.     to seek relief from the Court on appropriate notice to all other Parties to the
25          Proceeding from any provision(s) of this Stipulation and Protective Order, either generally
26          or as to any particular Document, Material or Information..

27  11.     Any Party to the Proceeding who has not executed this Stipulation and Protective Order as
28  of the time it is presented to the Court for signature may thereafter become a Party to this

STIPULATED PROTECTIVE ORDER

1   Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the
2   same with the Court, and serving copies of such signed and dated copy upon the other Parties to
3   this Stipulation and Protective Order.

4   12.     Any Information that may be produced by a non-Party witness in discovery in the
5   Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as
6   "Confidential" under the terms of this Stipulation and Protective Order, and any such designation
7   by a non-Party shall have the same force and effect, and create the same duties and obligations, as
8   if made by one of the undersigned Parties hereto. Any such designation shall also function as a
9   consent by such producing Party to the authority of the Court in the Proceeding to resolve and
10  conclusively determine any motion or other application made by any person or Party with respect
11  to such designation, or any other matter otherwise arising under this Stipulation and Protective
12  Order.

13  13.     If any person subject to this Stipulation and Protective Order who has custody of any
14  Confidential Materials receives a subpoena or other process ("Subpoena") from any government
15  or other person or entity demanding production of Confidential Materials, the recipient of the
16  Subpoena shall promptly give notice of the same by electronic mail transmission, followed by
17  either express mail or overnight delivery to counsel of record for the Designating Party, and shall
18  furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating
19  Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena,
20  otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential
21  treatment of such Confidential Materials from the subpoenaing person or entity to the fullest
22  extent available under law. The recipient of the Subpoena may not produce any Documents,
23  Testimony or Information pursuant to the Subpoena prior to the date specified for production on
24  the Subpoena.

25  14.     Nothing in this Stipulation and Protective Order shall be construed to preclude either Party
26  from asserting in good faith that certain Confidential Materials require additional protection. The
27  Parties shall meet and confer to agree upon the terms of such additional protection.

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

- 8 -

STIPULATED PROTECTIVE ORDER

15.    If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

16.    This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17.    Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by California Rules of Court, Rules 2.550 and 2.551, the party shall follow those rules. With respect to discovery motions or other proceedings not governed by California Rules of Court, Rules 2.550 and 2.551, the following shall apply:  If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

18.    The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19.    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20.    This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1    may seek the written permission of the Designating Party or may move the Court for relief from

2    the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court

3    shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order,

4    even after the Proceeding is terminated.

5    21.    Upon written request made within thirty (30) days after the settlement or other termination

6    of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return

7    to counsel for each Designating Party all Confidential Materials and all copies thereof (except

8    that counsel for each Party may maintain in its files, in continuing compliance with the terms of

9    this Stipulation and Protective Order, all work produce, and one copy of each pleading filed with

10   the Court [and one copy of each deposition together with the exhibits marked at the deposition)]*,

11   (b) agree with counsel for the Designating Party upon appropriate methods and certification of

12   destruction or other disposition of such Confidential Materials, or (c) as to any Documents,

13   Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion

14   seeking a Court order regarding proper preservation of such Materials. To the extent permitted by

15   law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in

16   sub-paragraph (c) herein. *[The bracketed portion of this provision shall be subject to agreement

17   between counsel for the Parties in each case.]

18   22.    After this Stipulation and Protective Order has been signed by counsel for all Parties, it

19   shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein

20   with regard to any Confidential Materials that have been produced before the Court signs this

21   Stipulation and Protective Order.

22   23.    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be

23   bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the

24   event that the Court modifies this Stipulation and Protective Order, or in the event that the Court

25   enters a different Protective Order, the Parties agree to be bound by this Stipulation and

26   Protective Order until such time as the Court may enter such a different Order. It is the Parties'

27   intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to

28

STIPULATED PROTECTIVE ORDER

1  allow for immediate production of Confidential Materials under the terms herein. This Stipulation

2  and Protective Order may be executed in counterparts.

3

4  Dated: August 2, 2023

5                                         EVANS FEARS SCHUTTERT
                                          MCNULTY MICKUS
6
7                                         Elizabeth V. McNulty
8                                         Samantha M. Geraghty
                                          Attorneys for Defendant
9                                         LUX GLOBAL INC.

10

11  Dated: August 2, 2023

12                                        PACIFIC TRIAL ATTORNEYS, APC

13
14                                        Scott J. Ferrell
                                          Victoria C. Knowles
15                                        Attorneys for Plaintiff
                                          TANYA CANTU

16

17

18

19

20

21

22

23

24

25

26

27

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

**ORDER**

**GOOD CAUSE APPEARING,** the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**



**Elihu M. Berle**

Date:

    €ì ̇ ̇ ̇ ̇ ̇ ̇

Elihu M. Berle / Judge

_____

Hon. Elihu M. Berle

- 12 -

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____ [NAME],

_____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, Case #23STCV09635 in Los Angeles County Superior Court. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Material obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20_____, at _____.

Dated: By:

Signature

Title:

Address:

City, State, Zip:

Telephone Number:

- 13 -

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4440 Von Karman Avenue, Suite 250, Newport Beach, California 92660.

On August 2, 2023, I served, in the manner indicated below, the foregoing document described as:

**STIPULATED PROTECTIVE ORDER**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes as applicable, addressed as follows:

***SEE ATTACHED SERVICE LIST***

☐   **BY MAIL:** I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐   **BY FACSIMILE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission on said date and the transmission was reported as complete and without error (C.C.P. § 1013(e)(f)).

☐   **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐   **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressee(s). (C.C.P. § 1011(a)(b)).

☒   **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressees, at the e-mail addresses indicated on the attached service list, without error.

☒   **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

☐   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 2, 2023 at Newport Beach, California.

Aubrie Hewatt

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

## SERVICE LIST

***Tanya Cantu v. Lux Global Inc dba Toplux Nutrition***
**Superior Court of California, County of Los Angeles, Case No. 23STCV09635**

**PACIFIC TRIAL ATTORNEYS**
Scott J. Ferrell, Esq.
Victoria C. Knowles, Esq.
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

**Counsel for Plaintiff**
TANYA CANTU

- 15 -

Elizabeth V. McNulty (SBN 192455)
emcnulty@efstriallaw.com
Samantha M. Geraghty (SBN 345646)
sgeraghty@efstriallaw.com
EVANS FEARS SCHUTTERT MCNULTY MICKUS
4440 Von Karman Avenue, Suite 250
Newport Beach, California 92660
Telephone: (949) 301-9464
Facsimile: (949) 966-0706
Service: efshondaconsumer@efstriallaw.com

Attorneys for Defendant
LUX GLOBAL INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| TANYA CANTU, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LUX GLOBAL INC, a California corporation d/b/a TOPLUX NUTRITION, <br><br> Defendants. | CASE NO: 23STCV09635 <br><br> Judge Elihu M. Berle <br> Dept. 6 <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Jury Trial Demanded <br> Complaint Filed: 04/28/2023 |

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1    IT IS HEREBY STIPULATED by and between the Parties Tanya Cantu ("Plaintiff") and

2    Lux Global, Inc. ("Defendant"), by and through their respective counsel of record, that in order to

3    facilitate the exchange of information and documents which may be subject to confidentiality

4    limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as

5    follows:

6    1.    In this Stipulation and Protective Order, the words set forth below shall have the following

7    meanings:

8        a.    "Proceeding" means the above-entitled proceeding Case #23STCV09635 in Los

9    Angeles County Superior Court.

10        b.    "Court" means the Hon. Elihu M. Berle or any other judge to which this

11    Proceeding may be assigned, including Court staff participating in such proceedings.

12        c.    "Confidential" means any information which is in the possession of a Designating

13    Party who believes in good faith that such information is entitled to confidential treatment under

14    applicable law.

15        d.    "Confidential Materials" means any Documents, Testimony, or Information as

16    defined below designated as "Confidential" pursuant to the provisions of this Stipulation and

17    Protective Order.

18        e.    "Designating Party" means the Party that designates Materials as "Confidential."

19        f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make

20    available Materials, or any part thereof, or any information contained therein.

21        g.    "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms

22    are defined by California Evidence Code Sections 250, 255, and 260, which have been produced

23    in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of

24    all or any part of the foregoing.

25        h.    "Information" means the content of Documents or Testimony.

26        i.    "Testimony" means all depositions, declarations or other testimony taken or used

27    in this Proceeding.

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

- 2 -

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

2.      The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3.      The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.      Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The Parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a.      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b.      For Testimony given in depositions the Designating Party may either:

        i.      identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii.      designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c.      For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1    affix in a prominent place on the exterior of the container or containers in which the Information

2    or item is stored the legend "Confidential." If only portions of the Information or item warrant

3    protection, the Designating Party, to the extent practicable, shall identify the "Confidential"

4    portions.

5    5.    The inadvertent production by any of the undersigned Parties or non-Parties to the

6    Proceedings of any Document, Testimony or Information during discovery in this Proceeding

7    without a "Confidential" designation, shall be without prejudice to any claim that such item is

8    "Confidential" and such Party shall not be held to have waived any rights by such inadvertent

9    production. In the event that any Document, Testimony or Information that is subject to a

10   "Confidential" designation is inadvertently produced without such designation, the Party that

11   inadvertently produced the document shall give written notice of such inadvertent production

12   within twenty (20) days of discovery of the inadvertent production, together with a further copy

13   of the subject Document, Testimony or Information designated as "Confidential" (the

14   "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party

15   that received the inadvertently produced Document, Testimony or Information shall promptly

16   destroy the inadvertently produced Document, Testimony or Information and all copies thereof,

17   or, at the expense of the producing Party, return such together with all copies of such Document,

18   Testimony or Information to counsel for the producing Party and shall retain only the

19   "Confidential" designated Materials. Should the receiving Party choose to destroy such

20   inadvertently produced Document, Testimony or Information, the receiving Party shall notify the

21   producing Party in writing of such destruction within ten (10) days of receipt of written notice of

22   the inadvertent production. This provision is not intended to apply to any inadvertent production

23   of any Information protected by attorney-client or work product privileges. In the event that this

24   provision conflicts with any applicable law regarding waiver of confidentiality through the

25   inadvertent production of Documents, Testimony or Information, such law shall govern.

26   6.    In the event that counsel for a Party receiving Documents, Testimony or Information in

27   discovery designated as "Confidential" objects to such designation with respect to any or all of

28   such items, said counsel shall advise counsel for the Designating Party, in writing, of such

- 4 -

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1    objections, the specific Documents, Testimony or Information to which each objection pertains,

2    and the specific reasons and support for such objections (the "Designation Objections"). Counsel

3    for the Designating Party shall have thirty (30) days from receipt of the written Designation

4    Objections to either (a) agree in writing to de-designate Documents, Testimony or Information

5    pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court

6    seeking to uphold any or all designations on Documents, Testimony or Information addressed by

7    the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation

8    Motion by the Court, any and all existing designations on the Documents, Testimony or

9    Information at issue in such Motion shall remain in place. The Designating Party shall have the

10    burden on any Designation Motion of establishing the applicability of its "Confidential"

11    designation. In the event that the Designation Objections are neither timely agreed to nor timely

12    addressed in the Designation Motion, then such Documents, Testimony or Information shall be

13    de-designated in accordance with the Designation Objection applicable to such material.

14    7.      Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall

15    be permitted only to the following persons:

16        a.      the Court;

17        b.      (1)      Attorneys of record in the Proceedings and their affiliated attorneys, and

18    paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in

19    the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned

20    Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided,

21    however, that each non-lawyer given access to Confidential Materials shall be advised that such

22    Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and

23    Protective Order and that they may not be Disclosed other than pursuant to its terms;

24        c.      those officers, directors, partners, members, employees and agents of all non-

25    designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution

26    and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential

27    Materials to any such officer, director, partner, member, employee or agent, counsel for the Party

28    making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such

person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

      d.     court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

      e.     any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

      f.     any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

      g.     mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

      g.     outside experts or non-attorney consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

      h.     any other person that the Designating Party agrees to in writing.

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

**STIPULATED PROTECTIVE ORDER**

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

8.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

a.    While the Parties may provide Confidential Materials in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or internet accessible document repository that is accessible to anyone other than the persons noted in paragraph 7 above.

b.    All persons described in Paragraph 7 above shall not under any circumstance sell, offer for sale, advertise or publicize either the Confidential Materials or the information contained therein or the fact that such persons have obtained the Confidential Materials.

9.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.    operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information..

11.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this

- 7 -

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

1    Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the

2    same with the Court, and serving copies of such signed and dated copy upon the other Parties to

3    this Stipulation and Protective Order.

4    12.    Any Information that may be produced by a non-Party witness in discovery in the

5    Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as

6    "Confidential" under the terms of this Stipulation and Protective Order, and any such designation

7    by a non-Party shall have the same force and effect, and create the same duties and obligations, as

8    if made by one of the undersigned Parties hereto. Any such designation shall also function as a

9    consent by such producing Party to the authority of the Court in the Proceeding to resolve and

10   conclusively determine any motion or other application made by any person or Party with respect

11   to such designation, or any other matter otherwise arising under this Stipulation and Protective

12   Order.

13   13.    If any person subject to this Stipulation and Protective Order who has custody of any

14   Confidential Materials receives a subpoena or other process ("Subpoena") from any government

15   or other person or entity demanding production of Confidential Materials, the recipient of the

16   Subpoena shall promptly give notice of the same by electronic mail transmission, followed by

17   either express mail or overnight delivery to counsel of record for the Designating Party, and shall

18   furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating

19   Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena,

20   otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential

21   treatment of such Confidential Materials from the subpoenaing person or entity to the fullest

22   extent available under law. The recipient of the Subpoena may not produce any Documents,

23   Testimony or Information pursuant to the Subpoena prior to the date specified for production on

24   the Subpoena.

25   14.    Nothing in this Stipulation and Protective Order shall be construed to preclude either Party

26   from asserting in good faith that certain Confidential Materials require additional protection. The

27   Parties shall meet and confer to agree upon the terms of such additional protection.

28

- 8 -

**STIPULATED PROTECTIVE ORDER**

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

15.    If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

16.    This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17.    Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by California Rules of Court, Rules 2.550 and 2.551, the party shall follow those rules. With respect to discovery motions or other proceedings not governed by California Rules of Court, Rules 2.550 and 2.551, the following shall apply:  If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

18.    The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19.    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20.    This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party

1    may seek the written permission of the Designating Party or may move the Court for relief from

2    the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court

3    shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order,

4    even after the Proceeding is terminated.

5    21.    Upon written request made within thirty (30) days after the settlement or other termination

6    of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return

7    to counsel for each Designating Party all Confidential Materials and all copies thereof (except

8    that counsel for each Party may maintain in its files, in continuing compliance with the terms of

9    this Stipulation and Protective Order, all work produce, and one copy of each pleading filed with

10   the Court [and one copy of each deposition together with the exhibits marked at the deposition)]*,

11   (b) agree with counsel for the Designating Party upon appropriate methods and certification of

12   destruction or other disposition of such Confidential Materials, or (c) as to any Documents,

13   Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion

14   seeking a Court order regarding proper preservation of such Materials. To the extent permitted by

15   law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in

16   sub-paragraph (c) herein. *[The bracketed portion of this provision shall be subject to agreement

17   between counsel for the Parties in each case.]

18   22.    After this Stipulation and Protective Order has been signed by counsel for all Parties, it

19   shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein

20   with regard to any Confidential Materials that have been produced before the Court signs this

21   Stipulation and Protective Order.

22   23.    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be

23   bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the

24   event that the Court modifies this Stipulation and Protective Order, or in the event that the Court

25   enters a different Protective Order, the Parties agree to be bound by this Stipulation and

26   Protective Order until such time as the Court may enter such a different Order. It is the Parties'

27   intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

- 10 -

**STIPULATED PROTECTIVE ORDER**

1  allow for immediate production of Confidential Materials under the terms herein. This Stipulation

2  and Protective Order may be executed in counterparts.

3

4  Dated: August 2, 2023

5                                          EVANS FEARS SCHUTTERT
                                            MCNULTY MICKUS

6

7                                          Elizabeth V. McNulty
                                            Samantha M. Geraghty

8                                          Attorneys for Defendant

9                                          LUX GLOBAL INC.

10

11  Dated: August 2, 2023

12                                          PACIFIC TRIAL ATTORNEYS, APC

13

14                                          Scott J. Ferrell
                                            Victoria C. Knowles

15                                          Attorneys for Plaintiff
                                            TANYA CANTU

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

STIPULATED PROTECTIVE ORDER

<div style="text-align: left; writing-mode: vertical">Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660</div>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and
Protective Order.

**IT IS SO ORDERED.**

Date:

                                       Hon. Elihu M. Berle

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, Case #23STCV09635 in Los Angeles County Superior Court. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Material obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20_____, at _____.

Dated:                              By:

Signature

                                    Title:

Address:

City, State, Zip:

Telephone Number:

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

- 13 -

**STIPULATED PROTECTIVE ORDER**

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4440 Von Karman Avenue, Suite 250, Newport Beach, California 92660.

On August 2, 2023, I served, in the manner indicated below, the foregoing document described as:

**STIPULATED PROTECTIVE ORDER**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes as applicable, addressed as follows:

*SEE ATTACHED SERVICE LIST*

☐   **BY MAIL:** I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐   **BY FACSIMILE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission on said date and the transmission was reported as complete and without error (C.C.P. § 1013(e)(f)).

☐   **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐   **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressee(s). (C.C.P. § 1011(a)(b)).

☒   **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressees, at the e-mail addresses indicated on the attached service list, without error.

☒   **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

☐   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 2, 2023 at Newport Beach, California.

*Aubrie Hewatt*
Aubrie Hewatt

- 14 -

1

## SERVICE LIST

2

*Tanya Cantu v. Lux Global Inc dba Toplux Nutrition*
3    **Superior Court of California, County of Los Angeles, Case No. 23STCV09635**

4

**PACIFIC TRIAL ATTORNEYS**                    **Counsel for Plaintiff**
5    Scott J. Ferrell, Esq.                        TANYA CANTU
Victoria C. Knowles, Esq.
6    4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
7    Tel: (949) 706-6464
Fax: (949) 706-6469
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Evans Fears Schuttert McNulty Mickus
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

**STIPULATED PROTECTIVE ORDER**

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
   Attorneys for Plaintiff
7
   EVANS FEARS SCHUTTERT MCNULTY MICKUS
8  Elizabeth V. McNulty (SBN 192455)
   emcnulty@efstriallaw.com
9  Samantha M. Geraghty (SBN 345646)
   sgeraghty@efstriallaw.com
10 4440 Von Karman Avenue, Suite 250
   Newport Beach, California 92660
11 Telephone: (949) 301-9463
   Facsimile: (949) 966-0706
12
   Attorneys for Defendant
13

14

15                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                      **FOR THE COUNTY OF LOS ANGELES**

17

18 | TANYA CANTU, individually and on behalf of   Case No.:  23STCV09635
   | all other similarly situated,                The Honorable Elihu M. Berle
19 |                                               Dept.: SS6
   |                  Plaintiff,
20 |                                               **JOINT STIPULATION RE FILING OF**
   |        vs.                                    **FIRST AMENDED COMPLAINT**
21 |
   | LUX GLOBAL INC., a California corporation
22 | d/b/a TOPLUX NUTRITION,                       Action Filed:   April 28, 2023
   |                                               Trial Date:     None set
23 |                  Defendants.

24

25

26

27

28

Plaintiff Tanya Cantu ("Plaintiff") and Defendant Lux Global Inc. ("Defendant") (collectively with Plaintiff, "the Parties") submit this Joint Stipulation regarding Plaintiff's filing of a First Amended Complaint.

### RECITALS

WHEREAS Plaintiff filed her Class Action Complaint ("Complaint") on April 28, 2023;

WHEREAS Defendant indicated its intention to file a Demurrer to the Complaint and this Court set a filing deadline for the Demurrer of August 22, 2023 and hearing date of September 20, 2023;

WHEREAS following the Court's Order scheduling the briefing schedule and hearing on Defendant's Demurrer, the parties further met and conferred regarding the alleged deficiencies in the Complaint that would be addressed by the Demurrer and Plaintiff agreed to amend the Complaint in an attempt to address the deficiencies to avoid the Demurrer and unnecessary briefing, as well as to add additional facts, allegations or claims as may be necessary;

### STIPULATION

Premised upon the foregoing, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

Plaintiff shall file a First Amended Complaint by August 22, 2023;

Defendant shall respond to the First Amended Complaint by September 21, 2023;

To the extent Defendant requires a hearing date for a Demurrer to the First Amended Complaint, Defendant shall contact the Court for an expedited date and will provide, following meet and confer with Plaintiff, a proposed expedited briefing schedule.

**IT IS SO STIPULATED**.

JOINT STIPULATION RE FILING OF FIRST AMENDED COMPLAINT

1   Dated:  August 21, 2023                          PACIFIC TRIAL ATTORNEYS, APC

2

3                                                    By:_____
                                                     Scott. J. Ferrell
4                                                    Attorneys for Plaintiff

5

6   Dated:  August 21, 2023                          EVANS FEARS SCHUTTERT MCNULTY MICKUS

7

8                                                    By: /s/ Elizabeth V. McNulty
                                                     Elizabeth V. McNulty
9                                                    Samantha Geraghty
                                                     Attorneys for Defendant
10                                                   Lux Global Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] ORDER

Having considered the Joint Stipulation of the Parties and good cause having been shown, the Court hereby orders as follows:

Plaintiff shall file a First Amended Complaint by August 22, 2023;

Defendant shall have until September 21, 2023 to file its responsive pleading;

All current dates related to Defendant's Demurrer to the Complaint are vacated including:

Deadline for Defendant to file Demurrer—August 22, 2023;

Deadline for Plaintiff to file Opposition to Demurrer—September 6, 2023

Deadline for Defendant to file Reply on Demurrer—September 13, 2023

Hearing on Defendant's Demurrer—September 20, 2023

The current status conference scheduled for September 20, 2023 is vacated and will be rescheduled to a date in October that is convenient for the Court to allow Defendant to file its responsive pleading.

**IT IS SO ORDERED.**

Dated:  August 21, 2023

_____

The Honorable Elihu M. Berle
Judge of the Superior Court

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4440 Von Karman Avenue, Suite 250, Newport Beach, California 92660.

On August 21, 2023, I served, in the manner indicated below, the foregoing document described as:

**JOINT STIPULATION RE FILING OF FIRST AMENDED COMPLAINT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes as applicable, addressed as follows:

### *SEE ATTACHED SERVICE LIST*

☐ **BY MAIL:** I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ **BY FACSIMILE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission on said date and the transmission was reported as complete and without error (C.C.P. § 1013(e)(f)).

☐ **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressee(s). (C.C.P. § 1011(a)(b)).

☒ **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressees, at the e-mail addresses indicated on the attached service list, without error.

☒ **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 21, 2023 at Newport Beach, California.


*Aubrie Hewatt*
_____
Aubrie Hewatt

### SERVICE LIST

*Tanya Cantu v. Lux Global Inc dba Toplux Nutrition*
**Superior Court of California, County of Los Angeles, Case No. 23STCV09635**

**PACIFIC TRIAL ATTORNEYS**                    **Counsel for Plaintiff**
Scott J. Ferrell, Esq.                         TANYA CANTU
Victoria C. Knowles, Esq.
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

JOINT INITIAL STATUS CONFERENCE STATEMENT

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TANYA CANTU, individually and on behalf of all other similarly situated, | Case No. 23STCV09635<br>The Honorable Elihu M. Berle<br>Dept.: SS6 |
| Plaintiff, | |
| v. | |
| LUX GLOBAL INC., a California corporation; and DOES 1 through 10, inclusive, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| Defendants. | Action Filed:   April 28, 2023<br>Trial Date:    None set |

## I.    INTRODUCTION

**Defendant Lux Global Inc. ("Defendant") sells a diet pill known as "Keto Diet Shred Best Ketosis Drops" (the "Product") by falsely claiming that it will support weight loss.  In reality, Defendant's claim has been proven false by overwhelming scientific evidence.  As set forth below, Defendant has violated California law and should be required provide refunds to all consumers.**

**Additionally, Plaintiff contends that Defendant has violated the Video Privacy Protection Act, 18 U.S.C. § 2710, _et seq._, based on it practice of reporting personally identifiable information, titles watched, and more, of visitors to its Website to a third party for data harvesting and targeted advertising.[1]**

## II.    JURISDICTION AND VENUE

1.    As a Court of general jurisdiction, this Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2.    Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because a portion of the wrongful conduct took place in this County.

3.    Defendant is subject to personal jurisdiction because it has sufficient minimum contacts with California.  Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."

## III.    PARTIES

4.    Plaintiff Tanya Cantu is a resident and citizen of Los Angeles County, California, and purchased Defendant's Product in the summer of 2022.  Additionally, when researching Defendant's Product, Plaintiff viewed a video on Defendant's website at https://topluxsupplement.com/ (the "Website").

---

[1] Plaintiff asserts a CLRA cause of action on his on behalf and behalf of the proposed class.  Plaintiff also asserts an _individual_ cause of action arising under the VPPA and does not seek to represent a class based on a violation of the VPPA.

5.      Defendant is a company based in California that develops, manufactures, promotes, markets, distributes and/or sells the Product to consumers in California. Defendant advertises its products via videos on the Website and are made available for consumer to view.

6.      The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8.      Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### IV.    FACTS

9.      On June 17, 2014, the United States Senate Subcommittee on Consumer Protection, Product Safety, and Insurance held a hearing titled "Protecting Consumers from False and Deceptive Advertising of Weight-Loss Supplement Products."  In her opening statement, committee Chair Senator Claire McCaskill stated that "With so many Americans desperate for anything that might make it easier to lose weight, it's no wonder scam artists and fraudsters have turned to the $60-billion weight-loss market to make a quick buck."

10.      False advertising of weight-loss products is truly an epidemic. Government regulators are overwhelmed because "One out of ten fraud claims submitted to the FTC are, in fact, for weight-loss products." Indeed, Senator McCaskill stated that "the problem is much larger than any enforcement agency could possibly tackle on its own. Private stakeholders, companies that sell weight-

s well as consumer watchdogs, must all

otivations for purchasing the Product.

as directed and obtaining the promised

fits of the Product was a substantial,

act. Second, Plaintiff is a "tester" who

ed by California law. As someone who

al attacks, Plaintiff should be "praised

3d 948, 954 (7th Cir. 2006).

ms that it is a "ultra ketones, promotes

will provide "Weight Loss Support":

13.     To be clear, Defendant's efficacy claims are not simply unsubstantiated, they have been proven to be completely false by the overwhelming weight of scientific evidence. Randomized, placebo controlled scientific studies conclusively prove that the ingredients in the Product – Berberine, chromium, and gynama sylvestre – do not and cannot provide weight loss support when taken as directed and at safe levels.

14.     In the summer of 2022, Plaintiff purchased the Product in substantial part based upon the above-referenced efficacy claims. Plaintiff used the Product as directed but did not experience any of the benefits promised by the Product.

15. The "who, what, when, where, and how of the misconduct" is as follows:

  a. **The "Who":** The party responsible for promulgating the false efficacy claims is Defendant Lux Global Inc., of California.

  b. **The "What":** The claims on the label of Defendant's Product that it provides "ultra ketones, promotes ketosis, enhances energy & focus, helps manage cravings" and will provide "Weight Loss Support".

  c. **The "When":** The false claims were made throughout the class period and Plaintiff purchased the product in the summer of 2022.

  d. **The "Where":** Wal-Mart in the city of Burbank in the County of Los Angeles, California.

  e. **The "How":** By making demonstrably false claims that its product provides weight-loss and health benefits that it does not and cannot provide, Defendant has illegally collected millions of dollars from unsuspecting consumers.

16. Additionally, at or around the time Plaintiff purchased the Product, she also viewed videos on Defendant's website, https://topluxsupplement.com/ (the "Website"), related to its supplement products.

17. Defendant's business involves monetizing videos on its Website for various purposes such as brand awareness and marketing. As such, Defendant is a "video tape service provider" under the VPPA because, as part of its business, it delivers "prerecorded video" content or other "similar audio visual materials." 18 U.S.C. § 2710(a)(4).

18. Federal courts have interpreted the term "video tape service provider" to include commercial website owners/operators like Defendant. *See, e.g., Czarnionka v. The Epoch Times Ass'n, Inc.*, 2023 WL 17069810, at *4 (S.D.N.Y. Nov. 17, 2023); *Lebakken v. WebMD, LLC*, 2023 WL 16716151, at *1, *3 & n.2 (N.D. Ga. Nov. 4, 2023); *Ambrose v. Boston Globe Media Partners LLC*, 2023 WL 4329373, at *2 (D. Mass. Sept. 19, 2023); *Louth v. NFL Enterprises LLC*, 2023 WL 4130866, at *4 (D.R.I. Sep't 12, 2023); *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 402 F. Supp. 3d 767, 798-99 (N.D. Cal. 2019); *Cappello v. Walmart Inc.*, 2019 WL 11687705, at *2

1    (N.D. Cal. Apr. 5, 2019); *Yershov v. Gannett Satellite Info Network, Inc.*, 820 F.2d 482, 485 n.2 (1st

2    Cir. 2016); *In re Hulu Privacy Litig.*, 2012 WL 3282960, at *6 (N.D. Cal. Aug. 10, 2012).

3           19.     The VPPA defines personally identifiable information ("PII") to "include[]"

4    "information which identifies a person as having requested or obtained specific video materials or

5    services from a video tape service provider." 18 U.S.C. § 2710(a)(3).  This means "information that

6    would 'readily permit an ordinary person to identify a specific individual's video-watching behavior.'"

7    *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017) (quoting In re Nickelodeon Consumer

8    Privacy Litig., 827 F.3d 262, 290 (3d Cir. 2016)).

9           20.     Defendant knowingly permits third parties to host tracking pixels on its Website and

10   has configured "event data" to transmit data to third parties whenever a user visits the Website and

11   views a video.

12          21.     Plaintiff viewed a video on Defendant's Website and, upon information and belief and

13   investigation of counsel, contends that Defendant permitted her PII and video viewing behavior to be

14   reported to third parties so they, and Defendant, could monetize her information.

## V.    CLASS ALLEGATIONS

16          22.     Plaintiff brings this action individually and on behalf of all others similarly situated (the

17   "Class") defined as follows:

18          **All persons who purchased the Product in California for personal use**

19          **during the Class Period.**

20          A.      <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the

21   number to be in the thousands, if not more. The exact identities of Class Members may be ascertained

22   by the records maintained by Defendant and its authorized retailers.

23          B.      <u>COMMONALITY</u>: Common questions of fact and law exist as to all class members,

24   and predominate over any questions affecting only individual members of the Class.  Such common

25   legal and factual questions, which do not vary between Class members, and which may be determined

26   without reference to the individual circumstances of any Class Member, include but are not limited to

27   the following:

28          i.      Whether Defendant violated California law;

1        ii.        The amount of damages; and

2        iii.       The proper injunctive relief.

3        C.        <u>TYPICALITY</u>: As a person who purchased the product for personal use and used it as

4   directed, Plaintiff is asserting claims that are typical of the Class.

5        D.        <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members

6   of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals

7   with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion

8   would otherwise be improper are excluded.

9        E.        <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication

10  because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even

11  if every Class Member could afford individual litigation, the court system could not.  It would be

12  unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

13                          **VI.    CAUSES OF ACTION**

14                          <u>**FIRST CAUSE OF ACTION**</u>

15   **Violations of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*.**

16                 **On Behalf of Plaintiff and the Class**

17        23.        Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set

18  forth in full herein.

19        24.        California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et

20  seq.*, prohibits deceptive practices in connection with the conduct of a business that provides goods,

21  property, or services primarily for personal, family, or household purposes.

22        25.        Defendant's false and misleading labeling and advertising was designed to, and did,

23  induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff

24  and Class Members, and violated and continue to violate the following sections of the CLRA:

25   i.     § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do

26        not have; and

27   ii.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they

28        are of another.

26.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers.  Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

27.    More than 30 days ago and in accordance with section 1782 of the CLRA, Plaintiff notified Defendant in writing of its violations and demanded that Defendant rectify the actions described above.  Defendant refused Plaintiff's request.

## SECOND CAUSE OF ACTION

### Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.*

### On Behalf of Plaintiff, Individually

28.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein; however, Plaintiff asserts her cause of action for violation of the Video Privacy Protection Act ("VPPA") individually, and not on behalf of the proposed class.

29.    Defendant is a "video tape service provider" that creates, hosts, and delivers videos on the Website as set forth above for purposes of the VPPA.  *See* 18 U.S.C. § 2710(a)(4).  Defendant monetizes the videos to collect and disclose viewers' PII so it can later retarget them for advertisements.

30.    Plaintiff is a "consumer" as set forth above under 18 U.S.C. § 2710(a)(1) (emphasis added).

31.    Defendants disclosed to at least one third party Plaintiff's personally identifiable information. Defendants utilized the third party pixels to compel Plaintiff's web browser to transfer Plaintiff's identifying information, along with Plaintiff's event data, like the title of the videos viewed.

32.    Plaintiff played a video offered by Defendant on the Website in late 2022 to learn more about Defendant's products.

33.    Defendant knowingly disclosed Plaintiff's PII because it used that data to build audiences and retarget her for its advertising campaigns.

34.    Plaintiff did not provide Defendant with any form of consent—either written or otherwise—to disclose her PII to third parties.

35.     Defendant's disclosures were not made in the "ordinary course of business" as the term is defined by the VPPA because they were not necessary for "debt collection activities, order fulfillment, request processing, [or] transfer of ownership." 18 U.S.C. § 2710(a)(2).

## VII.    PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment on behalf of himself and the proposed class against Defendant related to the CLRA claim for:

i.     Appropriate class certification and management orders related to the CLRA claim;

ii.     Actual, statutory and punitive damages related to the CLRA claim;

iii.     An award of attorneys' fees and costs related to the CLRA claim; and

iv.     All other relief at law or in equity as may be proper.

Wherefore, Plaintiff prays for judgment on behalf of himself only against Defendant related to the VPPA claim for:

i.     For an order declaring that Defendants' conduct violates the VPPA;

ii.     For an order finding in favor of Plaintiff, including all available damages;

iii.     For prejudgment interest on all amounts awarded;

iv.     For injunctive relief to stop the illegal conduct;

v.     For an order awarding Plaintiff her reasonable attorneys' fees, expenses and costs of suit;

vi.     For any and all other relief, at law or equity, that may be appropriate.

Dated:  August 23, 2023                         PACIFIC TRIAL ATTORNEYS, APC


By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place, Suite 800, Newport Beach, CA 92660.

On August 23, 2023, I served the foregoing document described as **FIRST AMENDED COMPLAINT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☒    (BY CASE ANYWHERE)   I submitted an electronic version of the document(s) to Case Anywhere through the upload feature at www.caseanywhere.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 23, 2023, at Newport Beach, California.

_____
Mandy K. Jung

**SERVICE LIST**

Attorneys for Defendant, LUX GLOBAL INC

EVANS FEARS SCHUTTERT MCNULTY
MICKUS
Elizabeth V. McNulty
Samantha M. Geraghty
4440 Von Karman Avenue, Suite 250
Newport Beach, California 92660
Telephone: (949) 301-9463
Facsimile: (949) 966-070
emcnulty@efstriallaw.com
sgeraghty@efstriallaw.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>LUX GLOBAL INC., a California corporation d/b/a TOPLUX NUTRITION;<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>TANYA CANTU, individually and on behalf of all other similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/28/2023 4:08 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Jackson Aubry, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV09635 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660       Phone No.: (949) 706-6464

DATE: 04/28/2023       Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Fecha)*                         *(Secretario)* D. Jackson Aubry *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LUX GLOBAL INC., a California corporation d/b/a TOPLUX NUTRITION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA 92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
   Attorneys for Plaintiff
7

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/28/2023 4:08 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

8          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10
   TANYA CANTU, individually and on behalf of        Case No. 23STCV09635
11 all other similarly situated,

12         Plaintiff,
                                                      **CLASS ACTION COMPLAINT**
13         v.

14 LUX GLOBAL INC., a California corporation
   d/b/a TOPLUX NUTRITION;
15
           Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

**Defendant sells a diet product known as "Ketosis Drops" (the "Product") by falsely claiming that it will support weight loss. In reality, it does not -- Defendant's efficacy claims have been proven false by overwhelming scientific evidence.**

**As set forth below, Defendant has violated California law and should be required provide refunds to all consumers.**

## II.    JURISDICTION AND VENUE

1.    As a Court of general jurisdiction, this Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2.    Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because a portion of the wrongful conduct took place in this County.

3.    Defendant is subject to jurisdiction in California because it is a California corporation.

## III.    PARTIES

4.    Plaintiff is a resident and citizen of California.

5.    Defendant is a company based in California that develops, manufactures, promotes, markets, distributes and/or sells the Product to consumers in California.

6.    Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

7.    Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV.    FACTS

8.    On June 17, 2014, the United States Senate Subcommittee on Consumer Protection, Product Safety, and Insurance held a hearing titled "Protecting Consumers from False and Deceptive Advertising of Weight-Loss Supplement Products." In her opening statement, committee Chair Senator Claire McCaskill stated that "With so many Americans desperate for anything that might

1  make it easier to lose weight, it's no wonder scam artists and fraudsters have turned to the $60-billion

2  weight-loss market to make a quick buck."



ly an epidemic. Government regulators

ted to the FTC are, in fact, for weight-

e problem is much larger than any

akeholders, companies that sell weight-

s well as consumer watchdogs, must all

otivations for purchasing the Product.

as directed and obtaining the promised

fits of the Product was a substantial,

ict.  Second, Plaintiff is a "tester" who

ed by California law.  As someone who

al attacks, Plaintiff should be "praised

.3d 948, 954 (7th Cir. 2006).

is that it is a "PROMOTES KETOSIS"

25  12.    To be clear, Defendant's efficacy claims are not simply unsubstantiated, they have been

26  proven to be completely false by the overwhelming weight of scientific evidence.    Randomized,

27  placebo controlled scientific studies conclusively prove that the ingredients in the Product do not and

28  cannot provide weight loss support.

13. In the Summer of 2022, Plaintiff purchased the Product in substantial part based upon the above-referenced efficacy claims. Plaintiff used the Product as directed but did not experience any of the benefits promised by the Product.

14. The "who, what, when, where, and how of the misconduct" is as follows:

    a. **The "Who":** The party responsible for promulgating the false efficacy claims is Defendant Lux Global Inc., of California.

    b. **The "What":** The claims on the label of Defendant's product that the product will "Manage Craving" and "Promote Weight Loss".

    c. **The "When":** The false claims were made throughout the class period, and Plaintiff purchased the product in the Summer of 2022;

    d. **The "Where":** The false claims were made on the label and in accompanying marketing materials, and Plaintiff purchased the product at Wal-Mart.

    e. **The "How":** By making demonstrably false claims that its product provides weight-loss and health benefits that it does not and cannot provide, Defendant has illegally collected funds from unsuspecting consumers.

## V. CLASS ALLEGATIONS

15. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons in the United States who purchased the Product for personal use during the Class Period.**

A. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant and its authorized retailers.

B. COMMONALITY: Common questions of fact and law exist as to all class members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

1          i.   Whether Defendant violated California law;

2          ii.  The amount of damages; and

3          iii. The proper injunctive relief.

4      C.    TYPICALITY: As a person who purchased the product for personal use and used it as

5  directed, Plaintiff is asserting claims that are typical of the Class.

6      D.    ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members

7  of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals

8  with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion

9  would otherwise be improper are excluded.

10     E.    SUPERIORITY: A class action is superior to other available methods of adjudication

11 because individual litigation of the claims of all Class Members is impracticable and inefficient. Even

12 if every Class Member could afford individual litigation, the court system could not. It would be

13 unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

14                        **VI.    CAUSES OF ACTION**

15                        **FIRST CAUSE OF ACTION**

16              **Violations of the Consumer Legal Remedies Act,**

17                    **Cal. Civ. Code §§ 1750 *et seq.***

18     16.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set

19 forth in full herein.

20     17.   California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et*

21 *seq.*, prohibits deceptive practices in connection with the conduct of a business that provides goods,

22 property, or services primarily for personal, family, or household purposes.

23     18.   Defendant's false and misleading labeling and advertising was designed to, and did,

24 induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff

25 and Class Members, and violated and continue to violate the following sections of the CLRA:

26          i.   § 1770(a)(5): representing that goods have characteristics, uses, or benefits

27              which they do not have; and

28

ii.       § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

19.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

20.     More than 30 days ago and in accordance with section 1782 of the CLRA, Plaintiff notified Defendant in writing of its violations and demanded that Defendant rectify the actions described above. Defendant refused Plaintiff's request.

## VII.    PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant for:

i.       Appropriate class certification and management orders;

ii.      Actual, statutory and punitive damages;

iii.     An award of attorneys' fees and costs; and

iv.      All other relief at law or in equity as may be proper.

Dated: April 28, 2023                        PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464          FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff and the Class | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/28/2023 4:08 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Jackson Aubry, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Cantu, et al. v. Lux Global Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited**   [ ] **Limited**<br>(Amount             (Amount<br>demanded            demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 23STCV09635<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [X] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action *(specify)*: One (1)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 28, 2023

Scott J. Ferrell
_____
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*